IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | 4:05CR3072 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **TENTATIVE** |
| | ) | **FINDINGS** |
| CLAUDE SLEDGE, III, | ) | |
| | ) | |
| Defendant. | ) | |

I am in receipt of the revised presentence investigation report and addendum in this case and the defendant's motion for departure.

IT IS ORDERED that:

(1)   The undersigned will consult and follow the Guidelines to the extent permitted and required by United States v. Booker, 125 S. Ct. 738 (2005).  In this regard, the undersigned gives notice that, unless otherwise ordered, he will (a) give the advisory Guidelines substantial weight; (b) resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury; (c) impose upon the government the burden of proof on all Guideline-enhancements; (d) impose upon the defendant the burden of proof on all Guideline-mitigators; (e) depart from the advisory Guidelines, if appropriate, using pre-Booker departure theory; and (f) in cases where a departure using pre-Booker departure theory is not warranted, deviate or vary from the Guidelines only when there is a plainly superior, principled reason which justifies a sentence different than that called for by application of the advisory Guidelines.

(2)   The defendant's objection (filing 41) to paragraph 15 of the presentence report (PSR) is denied.  I construe this objection as a protective objection intended to

preserve the underlying arguments associated with a motion to suppress and my denial of that motion. (*See* filing 31.) I realize that paragraph 15 represents the government's version of the offense and that the defendant has entered into a condition plea agreement that, if accepted, would allow the defendant to challenge on appeal the factual assertions made by the government. This ruling is not intended to prejudice the defendant's conditional plea agreement or his challenge to the denial of the suppression motion.

(3) The parties are herewith notified that my tentative findings are that the presentence report is otherwise correct in all respects.

(4) If **any** party wishes to challenge these tentative findings, said party shall, as soon as possible, but in any event at least five (5) business days before sentencing, file in the court file and serve upon opposing counsel and the court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and how long such a hearing would take.

(5) Absent submission of the information required by paragraph 4 of this order, my tentative findings may become final.

(6) Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing.

January 26, 2006.             BY THE COURT:

                              s/ *Richard G. Kopf*
                              United States District Judge